FILED
JAN 0 9 2008
U.S. DISTRICT COURT
WHEELING, WV 26003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

HOWARD DELIVERY SERVICE, INC.,  BK No. 02-30289

    Debtor,

HOWARD DELIVERY SERVICE, INC.,

    Plaintiff,

v.      Civil Action No. 3:03CV61
(Frederick P. Stamp, Jr.)

ZURICH AMERICAN INSURANCE COMPANY,

    Defendant.

## ORDER ALLOWING ADDITIONAL PRIORITY CLAIM AND DIRECTING DISTRIBUTION TO WAGE PRIORITY CLAIMANTS[*]

This day the Court considered the Debtor's Motion for an Order Authorizing Disbursing Agent to Pay Holders of Priority Claims for Unpaid Wages and Vacation Pay **[Doc 686 in the Bankruptcy Court; Doc 46 in the District Court].** On December 10, 2007, the Clerk of the Bankruptcy Court issued a Notice of Debtor's Motion for an Order Authorizing Disbursing Agent to Pay Holders of Priority Claims for Unpaid Wages and Vacation Pay **[Doc 688 in the Bankruptcy Court]** (the "Notice"), and caused a copy of the Notice to be mailed to all creditors and parties in interest. One Response to the Debtor's Motion, by Donald J. Hermann, Jr., was filed with the Clerk of the Court **[Doc 699].** Counsel for the Debtor reported to the Court that no objections to the relief requested in the Debtor's Motion had been filed with the Court or served upon him, that he knew of no objections to the relief requested in

---

[*]This bankruptcy case was filed in the United States Bankruptcy Court for the Northern District of West Virginia. By Order Withdrawing Reference, entered November 20, 2006, reference was withdrawn by the United States District Court for the Northern District of West Virginia. Per Order Establishing Procedure For Future Filings And Outlining Remaining Matters, entered December 13, 2006, this Motion was filed in the office of the Clerk of the United States Bankruptcy Court for the Northern District of West Virginia.

the Debtor's Motion, and that the time allowed for written objections to be filed as set out in the Court's Notice mailed to all creditors and parties-in-interest had expired.

Counsel for the Debtor reported to the Court that Donald J. Hermann, Jr. had telephoned him, inquired regarding his timely filed Proof of Claim **[Claim No. 140]** and asked that it be accorded the priority that it deserved. Upon review of Mr. Hermann's Proof of Claim, it appears that he inadvertently entered $0 as to the amount of his claim entitled to priority, when in fact he was entitled to priority under § 507(a)(4)[1] of the Bankruptcy Code in the amount of $832.50, for vacation pay accrued during the ninety-day period prior to the filing of the Petition that commenced this case. All of this comports with the Response filed by Mr. Hermann. Upon the Response filed by Mr. Hermann and the representations of counsel for the Debtor, the Court finds that the claim of Donald J. Hermann, Jr. for unpaid vacation pay in the amount of $832.50 is entitled to priority under § 507(a)(4) of the Bankruptcy Code, and the Court does so ORDER.

Upon the representations of counsel for the Debtor, upon the Debtor's Motion and the Exhibits attached thereto, there being no objections to the relief requested in the Debtor's Motion and the time allowed for such objections having expired, and it appearing to the Court that the distribution proposed to be made to wage priority claimants pursuant to the Confirmed Plan of Reorganization in this case being entirely appropriate and consistent with the terms of the Confirmed Plan of Reorganization, the Court finds that all creditors and parties-in-interest have been given sufficient notice of the distribution proposed to be made by the Disbursing Agent to wage priority claimants, and it is hereby ORDERED that the Disbursing Agent appointed pursuant to the Second Amended Chapter 11 Plan of Reorganization confirmed in this case by Order entered March 7, 2003 **[Doc 347]** (the "Confirmed Plan") is authorized and directed to cause distributions to be made to the claimants who are entitled to priority under § 507(a)(4) of

---

[1] Howard Delivery Service, Inc. filed its petition for relief under Chapter 11 of the Bankruptcy Code on January 30, 2002. At that time, the sub-section of the Bankruptcy Code granting priority to claims for unpaid wages, vacation pay, sick pay and other forms of compensation was § 507(a)(3). By virtue of amendments to the Bankruptcy Code effective October 17, 2005 (the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA)), the pertinent sub-section was renumbered as § 507(a)(4). Throughout this Motion, the sub-section of the Bankruptcy Code granting priority to holders of claims for unpaid wages, vacation pay, sick pay and other forms of compensation is referred to by its current designation, that is, § 507(a)(4).

the Bankruptcy Code in the total amount of $31,872.22, being the persons and in the amounts listed on Schedule A attached to and made a part of this Order. The Disbursing Agent is directed to cause these distributions to be made by checks drawn upon the Debtor's operating account, and to forward such checks to the wage priority claimants listed on Schedule A attached to this Order not later than ten (10) business days after the entry of this Order.

    It is so ORDERED.

    ENTER:    January \_\_9\_\_, 2008.

/s/ Frederick P. Stamp
FREDERICK P. STAMP, JR.
United States District Judge

Prepared by:

/s/ Richard M. Francis
Richard M. Francis (W. Va. State Bar No. 1275)
Kristin A. Shaffer (W. Va. State Bar No. 10338)
BOWLES RICE MCDAVID GRAFF & LOVE LLP
600 Quarrier Street
P. O. Box 1386
Charleston, West Virginia 25325
(304) 347-1116
Counsel for the Debtor, Howard Delivery Service, Inc.

# SCHEDULE A

## HOWARD DELIVERY SERVICE, INC.
## CASE NO. 02-30289
## CHAPTER 11
## U.S. BANKRUPTCY COURT, NORTHERN DISTRICT OF WEST VIRGINIA

## 507 (A) (4) PRIORITY CLAIMS

| Claim # | Claimant | Priority Claimed | Priorty Allowed |
|---|---|---|---|
| 52 | Roy Hamblin | $384.00 | $384.00 |
| 53 | Christopher L. Daley | $1,463.18 | $1,463.18 |
| 54 | Mark G. Dudley | $1,463.18 | $1,463.18 |
| 112 | Gary Ewer | $360.00 | $360.00 |
| 115 | Clifford T. Jenkins | $3,012.30 | $832.50 |
| 118 | Larry Dansingburg | $360.00 | $360.00 |
| 119 | James A. Castalde | $900.00 | $900.00 |
| 127 | James A. Tolen | $808.65 | $808.65 |
| 135 | Jonathan C. Cwik | $2,569.50 | $1,165.50 |
| 136 | James Prusinski | $1,093.00 | $1,093.00 |
| 137 | Larry J. Ezerkis | $720.00 | $720.00 |
| 140 | Donald J. Hermann | $0.00 | $832.50 |
| 144 | Mark A. Wojtulewicz | $4,730.00 | $832.50 |
| 146 | Jeffrey M. Franklin | $2,880.00 | $832.50 |
| 147 | Mitchell Schroka | $1,617.30 | $1,165.50 |
| 148 | Harold R. Wolford | $2,797.49 | $129.50 |
| 149 | David A. Briggs | $1,731.00 | $1,295.50 |

| Claim # | Claimant | Priority Claimed | Priorty Allowed |
|---|---|---|---|
| 150 | Dale A. Kolter | $3,072.87 | $832.50 |
| 156 | David A. Krivitz | $6,874.26 | $832.50 |
| 159 | Donald L. Zeit | $2,792.00 | $1,165.50 |
| 160 | Patrick Belezak | $360.00 | $360.00 |
| 161 | Gregory M. Soens | $3,780.00 | $1,165.50 |
| 167 | William C. Wright, Jr. | $1,365.62 | $1,365.62 |
| 169 | Eddie W. Smith | $1,513.50 | $832.50 |
| 170 | James Preston | $1,440.00 | $832.50 |
| 171 | Steve Focareto | $413.00 | $413.00 |
| 174 | John E. O'Connell | $1,020.78 | $1,020.78 |
| 176 | Donald Hatak | $5,267.08 | $832.50 |
| 177 | Gary Neahring | $1,617.30 | $1,617.30 |
| 178 | David Younger | $495.01 | $495.01 |
| 180 | David Franzen | $900.00 | $900.00 |
| 181 | Carlton C. Smith | $786.15 | $786.15 |
| 182 | John Flasza | $463.00 | $463.00 |
| 183 | Ronald Ralston | $3,718.30 | $1,165.50 |
| 184 | William Becker | $1,065.10 | $1,065.10 |
| 186 | Johnny Sowards | $4,650.00 | $4,650.00 |
| 200 | Kendall R. Smith | $1,043.00 | $1,043.00 |
| | | **TOTAL** | **$31,872.22** |